IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARCUS E. LOLAR, )
 )
    Petitioner, )
 )
v. ) Case No. 18-CV-0397-TCK-JFJ
 )
SCOTT CROW, )
 )
    Respondent. )

## OPINION AND ORDER

This is a habeas corpus action. By Opinion and Order (Dkt. 23) filed August 15, 2019, the Court dismissed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred and denied a certificate of appealability. The Court entered a separate judgment (Dkt. 24) against Petitioner the same day. Petitioner filed a Fed. R. Civ. P. 60(b) motion for relief from judgment (Dkt. 25) on September 6, 2019, and a timely notice of appeal (Dkt. 26) on September 9, 2019. *See also* Dkt. 28 (assigning appellate Case No. 19-5084). Respondent filed a response (Dkt. 29) in opposition to the motion for relief from judgment on September 23, 2019. For the reasons that follow, the Court denies Petitioner's Rule 60(b) motion.

### I.    Background

#### A.    State court proceedings

Petitioner is currently incarcerated pursuant to the judgment and sentence entered against him in the District Court of Osage County, Case No. CF-2012-360. Following a two-day trial in January 2014, the jury found Petitioner guilty of committing first degree robbery (Count 1) and second degree burglary (Count 2). Dkt. 1, at 1-2; Dkt. 12-27, at 12-14. Evidence presented at trial established that on September 20, 2012, Petitioner broke into the unoccupied home of Earnest Shannon McGuire, in Pawhuska, Oklahoma, possibly through a back window. *See* Dkt. 22-1 (Trial

Transcript), *Lolar v. Allbaugh*, N.D. Okla. Case No. 16-CV-692-GKF-JFJ, at 96-107, 128-35, 142-46, 200-207, 220-28. When McGuire returned home, Petitioner physically assaulted McGuire, stabbed him in the neck with a steak knife, causing non-fatal wounds, demanded money, and took approximately $300 from him. *Id.* The jury affixed punishment at 16 years' imprisonment for the robbery and two years' imprisonment for the burglary. Dkt. 12-27, at 14. In March 2014, the trial court sentenced Petitioner accordingly and ordered the sentences to be served concurrently. *Id.* at 15.

Represented by counsel, Petitioner filed a direct appeal, claiming (1) prosecutorial misconduct deprived him of a fair trial and (2) trial counsel's inadequate performance deprived him of his right to the effective assistance of counsel. Dkt. 12-1, *Lolar v. State*, No. F-2014-257 (Okla. Crim. App. 2015) (unpublished), at 1. In an unpublished summary opinion filed April 21, 2015, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions and sentences. *Id.* at 1-3.

Petitioner subsequently filed two applications for postconviction relief—one on June 22, 2015 (PCRA I), and one on April 22, 2016 (PCRA II). Dkt. 23, at 3-13.[1] In PCRA I, Petitioner claimed he was deprived of "due process" and his rights under Oklahoma's Postconviction DNA Act, OKLA. STAT. tit. 22, §§ 1373.2, 1373.4. Dkt. 12-2, at 2. Citing *Brady v. Maryland*, 373 U.S. 83 (1963), he alleged exculpatory evidence was withheld because the State, his trial counsel, and his appellate counsel failed to request DNA testing on fingerprints from a window of the victim's house and blood and fingerprints from the knife used to stab the victim. *Id.* at 2, 16. Petitioner

---

[1] A thorough discussion of Petitioner's efforts to seek postconviction relief, and to obtain rulings on his applications for postconviction relief, is provided in this Court's August 15, 2019 Opinion and Order. *See* Dkt. 23, at 3-13. The Court provides a more limited discussion here to provide context for the arguments Petitioner raises in his Rule 60(b) motion.

requested DNA testing of this evidence and attached a copy of a legislative draft of Oklahoma's Postconviction DNA Act. Dkt. 12-2, at 4-16. In PCRA II, Petitioner identified two propositions of error. Dkt. 12-5, at 2, 5. First, citing *Brady*, the Fourth Amendment, and the Fourteenth Amendment, Petitioner alleged a due-process violation stemming from the State's failures (1) to "process" exculpatory DNA evidence and (2) to prove every element of the crimes charged. *Id.* at 2, 10. As to the second failure, Petitioner cited *Sullivan v. Louisiana*, 508 U.S. 275 (1993), and alleged the State "didn't prove the DNA fingerprints on the window." *Id.* at 10. Second, citing *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner alleged a violation of his Sixth Amendment right to the effective assistance of appellate counsel and identified four issues appellate counsel omitted from his direct appeal brief. *Id.* at 5, 10-14.

The state district court entered three orders and filed one response to a writ of mandamus issued by the OCCA relating to PCRA I and PCRA II. First, on May 5, 2016, the state district court issued a one-page order denying relief as to PCRA I. Dkt. 12-7. Petitioner timely perfected a postconviction appeal from that order and submitted an appellate brief with arguments focused on the denial of PCRA I and the request for DNA testing. Dkt. 12-8; Dkt. 12-9; Dkt. 12-27, at 24. By order filed July 12, 2016, in Case No. PC-2016-0457, the OCCA remanded the case to the state district court "for entry of an order setting forth findings of fact and conclusions of law addressing Petitioner's application for post-conviction relief requesting DNA testing pursuant to the Post-Conviction DNA Act, 22 O.S. Supp. 2013, §§ 1373-1373.7." Dkt. 12-10, at 1-2.

Second, on August 10, 2016, pursuant to the OCCA's remand order, the state district court entered an order denying relief as to PCRA I and PCRA II. Dkt. 12-11. In the order, the court (1) described the propositions of error Petitioner identified in PCRA I and PCRA II, (2) noted that both applications referenced "due process," *Brady*, and ineffective assistance of appellate counsel,

3

and (3) stated that Petitioner's "primary complaint is that the State did not provide him with exculpatory evidence." Dkt. 12-11, at 3-5, 9-10. Regarding Petitioner's requests for DNA testing, the court found, based on its review of the trial record, that "there were no prints on the bloody steak knife" and that the window had not been dusted for fingerprints. *Id.* at 5-9. The court reasoned, in part, that ordering DNA testing would be "an exercise in futility" because "no further evidence exists." *Id.* at 10. In addition, the court concluded, based on its review of the trial record, that the evidence "overwhelmingly" supported the jury's guilty verdicts. *Id.* The court denied Petitioner's applications for postconviction relief, his motions for an evidentiary hearing, and his "motion for disposition and favorable judgement."[2] *Id.* at 11. On August 19, 2016, Petitioner filed a "motion in response in objection" to the state district court's August 10, 2016 order, arguing, in relevant part, that the state district court erred in "attempting to lump together" Petitioner's separate applications for postconviction relief under the Postconviction DNA Act (PCRA I) and the Postconviction Procedure Act (PCRA II). Dkt. 12-2, at 1-2. By unpublished order filed August 31, 2016, in Case Nos. PC-2016-0457 and MA-2016-0728, the OCCA affirmed the state district court's August 10, 2016 order and denied his petition for writ of mandamus.[3] Dkt. 12-13, at 1-4. The state district court received the mandate from the OCCA in Petitioner's postconviction appeal on September 2, 2016. Dkt. 12-27, at 26.

Third, on July 10, 2017, the state district court denied five motions and a petition for writ of mandamus, all of which Petitioner filed in state district court between September 29, 2016, and April 7, 2017. Dkt. 12-23. The first four motions and the mandamus petition sought relief relating

---

[2] Petitioner filed a "motion for disposition and favorable judgement" on June 27, 2016, seeking a ruling on PCRA II. *See* Dkt. 23, at 7.

[3] In the mandamus petition, filed August 9, 2016, Petitioner sought an order directing the state district court to rule on his June 27, 2016 "motion for disposition and favorable judgment." *See* Dkt. 23, at 7 n.9.

4

to PCRA I and Petitioner's requests for DNA testing, whereas Petitioner's April 7, 2017 motion to dismiss reasserted Petitioner's argument that the State failed to respond to PCRA II. *See* Dkts. 12-17 through 12-22. With respect to the motion to dismiss, the court stated (1) that it had denied both PCRA I and PCRA II in its May 5, 2016 order and (2) that Petitioner had appealed the denial of both PCRA I and PCRA II through his postconviction appeal. Dkt. 12-23, at 1-2. Petitioner did not seek appellate review of the July 10, 2017 order. Dkt. 12-27, at 28; *see also* Dkt. 23, at 10 n.11.

Fourth and finally, on June 4, 2018, the state district court filed a response to an order issued by the OCCA in Petitioner's fourth mandamus action. *See* Dkt. 12-16 (copy of response filed in state district court May 29, 2018). Petitioner commenced the fourth mandamus action on April 18, 2018, by filing a "motion to compel Osage County District Court to Answer Petitioner's Post-Conviction Application Stamped File dated 4/22/16." Dkt. 12-14. In the motion, Petitioner alleged PCRA II was still pending and documented his previous efforts to obtain a ruling. *Id.* at 2-5. By order filed May 15, 2018, the OCCA directed the state district court (1) to determine whether Petitioner filed an application for postconviction relief on April 22, 2016, (2) if so, to advise the OCCA whether the court had already disposed of that application, and (3) to rule on the application within 30 days if the application was pending. Dkt. 12-15, at 1. In its response, the state district court made three separate statements indicating that it viewed its July 10, 2017 order as "the dispositive order as to all pending motions, petitions and pleadings concerning [Petitioner]," and twice expressed that no matters were pending in state district court as to Petitioner's requests for postconviction relief. Dkt. 12-16, at 1-2. By order filed June 15, 2018, in Case No. MA-2018-392, the OCCA dismissed Petitioner's request for a writ of mandamus as

moot, stating "the District Court fully adjudicated Petitioner's complaints regarding the pending matters in this case." Dkt. 12-24, at 2.

### B. Federal habeas proceedings

Petitioner filed two federal habeas petitions in this court seeking relief under 28 U.S.C. § 2254. First, on November 16, 2016, Petitioner filed a § 2254 petition, seeking relief on one claim: "DNA testing." Dkt. 29, *Lolar v. Allbaugh*, N.D. Okla. Case No. 16-CV-0692-GKF-JFJ, at 1. In support of that claim, Petitioner alleged that the State and his trial counsel "failed to test fingerprints on window Petitioner was accused of 'Breaking Into,'" and "failed to test DNA and fingerprints on knife Petitioner was accused of 'Stabbing victim in the neck' with." *Id.* at 1-2. Nearly one year after the matter was fully briefed, Petitioner requested voluntarily dismissal of the § 2254 petition, alleging his claim lacked merit and vaguely asserting that he needed "to exhaust his state remedies in his post-conviction." *Id.* at 2. Based on the record then before the Court, and Respondent's response to the petition, the Court found that PCRA II appeared to be "pending in state district court as of July 19, 2017," and that Petitioner's stated need to exhaust state remedies likely referred to exhaustion of the claims asserted in PCRA II. *Id.* at 3-4. The Court granted Petitioner's motions and dismissed his first § 2254 petition without prejudice to refiling. *Id.* at 4. In doing so, the Court also noted that Petitioner had already filed a second § 2254 petition in the instant case. *Id.* at 4 n.1.

Second, on July 30, 2018, Petitioner commenced the instant habeas action by filing a § 2254 petition asserting four claims: (1) a due-process claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and *McCormick v. Parker*, 821 F.3d 1240 (10th Cir. 2016), based on the State's failure to "process exculpatory evidence," Dkt. 1, at 5; (2) an ineffective-assistance-of-appellate-counsel claim, *id.* at 7; (3) a due-process claim under *Sullivan v. Louisiana*, 508 U.S. 275 (1993), based on

the State's failure to prove every essential element of the crimes charged beyond a reasonable doubt, *id.* at 8; and (4) a Fourth Amendment claim alleging his arrest was unreasonable, *id.* at 10. Respondent moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkts. 11, 12. Following a thorough review of the state-court record and on consideration of the parties' arguments, the Court granted Respondent's motion, dismissed Petitioner's second § 2254 petition as time-barred, and entered judgment in Respondent's favor. Dkts. 23, 24.

## II.     Discussion

In his instant motion, Petitioner seeks relief from the order and corresponding judgment dismissing his second § 2254 petition as time-barred. He purports to seek relief under Rule 60(b)(3), alleging fraud, misrepresentation, or misconduct by Respondent and this Court, and under Rule 60(b)(6), which permits a court to grant relief from judgment for "any other reason that justifies relief." Dkt. 25, at 1, 6-7.

Respondent urges this Court to construe the Rule 60(b) motion as a Rule 59(e) motion and deny relief. Dkt. 29, at 2-4. Alternatively, Respondent contends that even if the Court treats the motion as one seeking relief under Rule 60(b)(3) or (b)(6), Petitioner's allegations do not merit relief under either subsection. *Id.* at 4-8.

### A.     **Petitioner seeks relief from judgment under Rule 60(b), not Rule 59(e).**

Respondent acknowledges that Petitioner seeks relief under Rule 60(b) but, because Petitioner filed the motion within 28 days of the entry of judgment, Respondent urges this Court to treat Petitioner's motion as one seeking relief under Rule 59(e). Dkt. 29, at 2-4. The Court declines to do so.

7

Under Rule 59(e), a party may move to alter or amend a judgment "no later than 28 days after the entry of the judgment." A district court should grant a party's request to alter or amend judgment if "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). In addition, a court should grant a Rule 59(e) motion if the court finds a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. Under Rule 60(b), a party may seek relief "from a final judgment, order, or proceeding" for various reasons. Fed. R. Civ. P. 60(b)(1) -(b)(6). As relevant here, a court may grant relief from judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(3), the party seeking relief must file the Rule 60(b) motion within one year of the entry of judgment; for relief under Rule 60(b)(6), the party must file the motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The question of which rule applies commonly arises when the party seeking relief files a generic "motion for reconsideration," because "[t]he Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In that situation, determining "[w]hich rule applies . . . depends essentially on the time a motion is served." *Id.* But timing isn't everything. In determining whether a movant seeks relief under Rule 59(e) or Rule 60(b), a court should also consider "the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Here, while Petitioner filed the motion within 28 days of entry of judgment, Petitioner expressly moves for relief under Rule 60(b)(3) and Rule 60(b)(6). Dkt. 25,

8

at 1, 6-7. Under these circumstances, the Court finds it inappropriate to treat the motion as one seeking relief under Rule 59(e).

### B. Petitioner's motion is a "true" Rule 60(b) motion.

Nevertheless, because Petitioner filed his Rule 60(b) motion in the context of a federal habeas proceeding, the Court must determine whether the motion is a "true" Rule 60(b) motion or merely a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). A "true" Rule 60(b) motion challenges either (1) "a procedural ruling of the habeas court which precluded a merits determination of the habeas application," or (2) "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16. In contrast, "a [Rule] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215.

Liberally construed, Petitioner's motion appears to present two questions: (1) whether Respondent and this Court "committed [intrinsic] fraud/misrepresentation by acknowledging" in the first habeas proceeding, that PCRA II appeared to be pending and by determining, in the instant habeas proceeding, that the state courts denied relief as to PCRA II in August 2016 and that Petitioner's second § 2254 petition was thus time-barred, and (2) whether the Court committed fraud or misconduct by dismissing the second § 2254 petition as time-barred despite acknowledging the reasonableness of Petitioner's argument that the state district court may have erred by improperly "'lumping' together both of petitioner's" applications for postconviction relief. Dkt. 25, at 6-7.

So construed, the Court finds that both questions challenge this Court's procedural ruling that Petitioner's second § 2254 petition was time-barred. Thus, Petitioner's motion is a "true" Rule 60(b) motion.

### C. Petitioner is not entitled to relief from the judgment under Rule 60(b)(3).

Although Petitioner purports to seek relief under both Rule 60(b)(3) and (b)(6), the Court agrees with Respondent that both questions presented implicate only Rule 60(b)(3) because Petitioner alleges Respondent and the Court committed fraud, misrepresentation and misconduct with respect to the procedural dismissal of his second habeas petition. Dkt. 25, at 6-7; Dkt. 29, at 5-9.

As Respondent points out, Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Dkt. 29, at 5 (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)). Further, the party asserting the misconduct must establish the fraud or misconduct by clear and convincing evidence and must show that the misconduct substantially interfered with the party's ability to fully and fairly proceed. *Zurich N. Am.*, 426 F.3d at 1290.

To support his allegations of fraud, misrepresentation and misconduct, Petitioner cites excerpts from this Court's August 15, 2019 Opinion and Order discussing his state postconviction proceedings and analyzing how those proceedings impacted Petitioner's attempts to seek federal habeas relief in this Court. Dkt. 25, at 1-6. The Court understands Petitioner's motion as presenting three specific arguments, none of which support his request for relief from the judgment.

*First*, Petitioner contends that Respondent and the Court committed fraud or misconduct by stating in Petitioner's first federal habeas proceeding that PCRA II appeared to be "pending" in

state court as of July 19, 2017, and (2) by concluding, in the instant case, (a) that the state district court denied relief on PCRA II through its August 10, 2016 order, (b) that the OCCA affirmed the denial of relief, over Petitioner's objections, through its August 31, 2016 order, and (c) that Petitioner had notice, at the very latest, by July 10, 2017, that the state district court considered PCRA II as no longer pending. Dkt. 25, at 1-3, 6; Dkt. 23, at 22-23 & nn. 18-19.

Petitioner's first argument does not support his request for relief. As the Court explained in its August 15, 2019 Opinion and Order, the Court determined in Petitioner's first federal habeas proceeding that PCRA II "appeared to be 'pending'" in state court as of July 19, 2017.'" Dkt. 23, at 13. And the Court expressly noted that its determination as to the status of PCRA II was based on the state-court record presented to the Court in the first federal habeas proceeding, Respondent's representation to the Court that PCRA II "appeared" to be pending, *and* Petitioner's own vague assertion that he was, at that time, attempting to exhaust additional claims in state court. *Id.* at 13-14. The Court's determination, in the August 15, 2019 Opinion and Order, that PCRA II had, in fact, been resolved in August 2016 resulted from (1) a comprehensive review of the state-court record and (2) consideration of additional arguments from both parties regarding the complex procedural history of Petitioner's state postconviction proceedings. *See* Dkt. 23, at 3-13, 22-23 & nn. 18-19. Because these facts do not constitute clear and convincing evidence of fraud, misrepresentation or misconduct, Petitioner's first argument does not warrant relief under Rule 60(b)(3).

*Second*, Petitioner contends the Court misinterpreted a statement Petitioner made in a reply brief filed July 28, 2017, in the first federal habeas proceeding. Dkt. 25, at 3. This argument appears to focus on footnote 20 of the Court's August 15, 2019 Opinion and Order. There, the Court stated,

11

> Ironically, in response to the Respondent's assertions [in the first federal habeas proceeding that PCRA II was still pending], Petitioner filed a reply brief on July 28, 2017, asserting that the state district court had, in fact, "ruled upon" PCRA II in its August 10, 2016 order and reasserting his argument that the state court improperly "lumped together" both applications for post-conviction relief. Dkt. 23, *Lolar v. Allbaugh*, N.D. Okla. Case No. 16-CV-692-GKF-JFJ, at 1-2. To the extent Petitioner now asserts that the state district court never ruled upon PCRA II, his current position is inconsistent with his previous position.

Dkt. 23, at 26 n.20. Petitioner seems to argue that this Court incorrectly interpreted Petitioner's statement in his reply brief as an "acknowledgement" that the state district court denied relief as to PCRA II in the August 10, 2016 order. Dkt. 25, at 3-4. Instead, Petitioner argues, his statement "was [a] mere proff[er] to the Court[] that a violation of Petitioner's due process is occurring." *Id.* at 4.

Petitioner's second argument does not convince this Court that he is entitled to relief from the judgment on the basis of fraud, misconduct or misrepresentation. Regardless of whether Petitioner's statement was an "acknowledgment" or a mere "proffer" in support of an alleged due process violation, the Court referenced Petitioner's statement only to bolster its conclusion, which is supported by the state-court record, that the OCCA issued a final ruling on PCRA II on August 31, 2016, when it affirmed the state district court's August 10, 2016 order denying relief as to PCRA II. Dkt. 23, at 23-27 & nn. 19-20. Thus, even assuming the Court misinterpreted Petitioner's statement, that misinterpretation was not central to the Court's conclusion that PCRA II had been ruled upon and does not undermine the Court's ultimate conclusion that the second § 2254 petition was time-barred.

*Third*, and finally, Petitioner appears to argue that the Court committed fraud or misconduct (or otherwise erred) by dismissing the second § 2254 petition as time-barred after the Court expressly acknowledged that "the state district court's handling of PCRA II was less than ideal" and that Petitioner's resulting confusion about the status of PCRA II "was not entirely

12

unreasonable." Dkt. 25, at 4-5; *see* Dkt. 23, at 22-23 & n.18. Petitioner asserts, in part, that the Court's statements "'implied in fact' that the state district court 'improperly' considered PCRA I, and PCRA II . . .. and thus failed to render a 'decision' on the merits as to the PCRA II 'claims.'" Dkt. 25, at 5.

To the extent the Court understands Petitioner's third argument, the Court finds it does not support his request for relief from the judgment. Petitioner appears to misunderstand the questions that were before the Court when Respondent moved to dismiss the second habeas petition as time-barred. Respondent's motion placed three questions before the Court: (1) whether Petitioner failed to file his habeas petition within the applicable one-year statute of limitations provided in § 2244(d)(1)(A), (2) whether application of § 2244(d)(2)'s statutory tolling provision could render the petition timely, and (3) whether Petitioner identified any circumstances warranting equitable tolling of the one-year period. Dkt. 23, at 16-29. None of these questions required this Court to determine, either implicitly or explicitly, whether the state district court rendered a "decision on the merits" or "improperly" denied postconviction relief as to any claims Petitioner asserted in PCRA II. And, as Petitioner appears to recognize, this Court nevertheless fully considered Petitioner's concerns about the state district court's resolution of PCRA II in determining whether Petitioner could benefit from either statutory or equitable tolling. Dkt. 23, at 20-29. Because the Court determined that Petitioner could not overcome his failure to comply with the one-year statute of limitations, the state court's decision as to any federal claims raised in PCRA II was not subject to federal habeas review. Thus, Petitioner's third argument does not support his request for relief under Rule 60(b)(3).

### III. Conclusion

Based on the foregoing analysis, the Court concludes that the dismissal of Petitioner's second § 2254 petition as time-barred did not result from fraud, misrepresentation or misconduct. The Court therefore denies Petitioner's Rule 60(b) motion. Further, the Court denies a certificate of appealability as to any issues or claims raised in the Rule 60(b) motion. *See* Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*; 28 U.S.C. § 2253; *Spitznas*, 464 F.3d at 1225.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for relief from judgment (Dkt. 25) is **denied**.

2. A certificate of appealability is **denied**.

3. The Clerk of Court shall send a copy of this opinion and order to the Tenth Circuit Court of Appeals.

**DATED** this 1st day of October 2019.

TERENCE C. KERN
United States District Judge